### CENTRAL OF GEORGIA RY. CO. v. McLENDON et al.

(Circuit Court, N. D. Georgia. August 31, 1907.)

INJUNCTION—RESTRAINING ORDER—DISCRETION—NOTICE.

    A temporary restraining order will not be granted ex parte to restrain the putting into effect of a railroad rate established by a state commission under authority given by the Constitution and laws of the state after due notice and a hearing, when the commission's order by its terms was not to take effect for nearly three months after its adoption, and no application for a restraining order was made until within two days of the expiration of such time.

In Equity. Bill for injunction.

T. M. Cunningham and Mr. Steiner, for complainants.

SHELBY, Circuit Judge. The maximum rate per mile for passengers charged by the complainant company is three cents. The Georgia Railroad Commission reduced the rate to 2½ cents as to intrastate passengers. This bill is filed to enjoin, vacate, and annul the order of the Commission on the ground that it violates the provisions of the fifth and fourteenth amendments of the Constitution relating to due process and the equal protection of the laws. The case is not now before me on its merits, nor is the motion for an injunction pendente lite now before me for decision. It is not intended to intimate any opinion on questions not yet reached. The bill is presented to me to obtain an order setting the motion and prayer for an injunction pendente lite down for hearing and directing notice to be given to the defendants. An order to that effect will be made.

I am also asked to grant a temporary restraining order enjoining the operation and enforcement of the rate established by the Georgia Railroad Commission till the hearing of the motion for the injunction pendente lite. The following is the statute authorizing such action:

"Temporary Restraining Orders.—Whenever notice is given of a motion for an injunction out of a Circuit or District Court, the court or judge thereof may, if there appears to be danger of irreparable injury from delay, grant an order restraining the act sought to be enjoined until the decision upon the motion; and such order may be granted with or without security, in the discretion of the court or judge." Rev. St. § 718 [U. S. Comp. St. 1901, p. 580].

The granting of such temporary restraining order, like the granting of an injunction, is within the sound judicial discretion of the court. No universal rule can be announced to govern court or judge in all cases, but each case must be decided on its own facts. The Constitution and laws of Georgia confer on the Railroad Commission the authority to reduce intrastate passenger rates. It made the order in question June 7, 1907, after notice to the complainant railroad company and after hearing evidence. The order provided that it should not go into effect till September 2, 1907. This delay gave the complainant company 2 months and 26 days in which to apply for an injunction before the rate prescribed became effective. The bill was not presented till yesterday, August 30, 1907, only two days—and one of them Sunday—before the rate prescribed was to take effect. The defendants have had no notice that the application for the temporary restraining order would be made. If resort to the court had been made within a reasonable time after the fixing of the rate on June 7, 1907, there would have been no occasion for asking for an ex parte restraining order. The motion for an injunction pendente lite, if made within a reasonable time after the action of the Railroad Commission, could have been heard contradictorily after a timely notice to the defendants, before the Commission's order became effective. The Georgia Railroad Commissioners are officers charged with the performance of duties. The order or

finding fixing the lower rate as reasonable recites that it was made "after a careful, tedious, and painstaking consideration of the evidence and argument of the complainant and respondents, and a laborious investigation of the subject." There is at least a prima facie presumption that it acted in good faith in fixing the rate, and that it is not confiscatory. It is, of course, well settled that the action of the Commission is subject to judicial review, but there is no presumption to begin with that it is invalid. ·On this ex parte hearing, there is nothing before me on the question of fact as ·to whether the rate fixed by the Commission is confiscatory or not, except the action of the Commission in fixing the lower rate and the sworn bill of the complainant, which contains figures and estimates which sustain the complainant's contentions. The bill alone is pitted against the Commission's decision. The case is presented in this attitude on the eve of the rates taking effect, when it could have been presented to the court at a time when no injunctive order without notice and a hearing of both sides would have been necessary.

For the purpose of this motion, considering the time at which it is made and the circumstances I have mentioned, I cannot hold that the affidavits attached to the bill outweigh the prima facie presumption that the action of the Georgia Railroad Commission is valid.

I am of opinion that the motion for a temporary restraining order should be overruled; and it is so ordered.